## Francis Amory & others *vs.* John A. Lowell.

A., in his will, directed his executor to sell certain of his real estate for the payment of debts and legacies, and devised the residue thereof to his executor, in trust, the income thereof to be divided among the testator's children, until the death of the last survivor, and then the estate to be distributed among his grandchildren; with provisions authorizing either of his children to make a will or appointment respecting the reversion. The executor deemed it inexpedient to sell any real estate at the time, and, with the consent of the children, but without any definite agreement with them, leased the whole of the same and applied the income to the payment of debts and legacies. *Held*, that the children are entitled to reimbursement out of the estate.

BILL IN EQUITY. At the hearing in this court, it appeared that the plaintiffs are the children of Francis Amory, late of Milton, who died in 1845, and devised the larger portion of his estate to the defendant and three other persons, in trust, and appointed them executors of his will; both of which trusts were declined by all except the defendant. The testator's whole real estate was appraised at the sum of $196,575, and his personal estat at the sum of $7324.89. The real estate not specifically devisea was appraised at $181,000. His debts amounted to $60,000, and the legacies given in his will to $17,000. He directed his executors to sell certain specified estates, which were afterwards appraised at $78,000, and apply the proceeds to the payment of debts and legacies. The residue of his estate was devised to the defendant and his associates, in trust, during the lives of the testator's children, and their survivor, to take charge of the same and lease it, and, after deducting expenses, to divide the income equally among his children; with provisions that, upon the death of any child during the trust, its share of the income should be appropriated according to its will, or, in default of a will, or of issue, to the use of the survivors; and, upon the death of the last survivor, the estate should be equally distributed among the testator's grandchildren, share and share alike; or, in case any will or appointment should have been made by any of the children touching the reversion, then the order and direction thereof should be observed.

The defendant considered it inexpedient to sell real estate for the payment of the debts and legacies, and, with the consent of the plaintiffs, but without any definite stipulation or agreement with them, or any express waiver of any legal or equitable rights on their part, proceeded to lease the same and to apply the income thereof in part to the payment of the debts and legacies, instead of selling the estates appropriated by the will for that purpose, until now the debts have been paid in full, and the lega cies also, except $7000. The estates have paid an income ex ceeding six per cent. on their appraised value, and have greatly increased in value, viz., from $181,000 to $420,500.

The plaintiffs contended that the debts and legacies have been

paid out of the income to which they were entitled under the will, and that they are subrogated to the rights of the creditors and legatees, and entitled to have the estates appropriated by the testator for the payment of debts and legacies sold, and applied to reimburse the moneys paid by them, with interest; or to be paid out of other funds held by the trustees.

The case was reserved for the decision of the whole court, with the agreement that if the plaintiffs are entitled to any remedy, at law or in equity, a decree may be entered accordingly.

*F. C. Loring,* for the plaintiffs. Whenever the property of a third person is applied, with or without his consent, to the payment of a charge upon an estate, he becomes subrogated in equity to the rights of the original creditor. 3 Powell on Mort. 1050, a. *Ludlow* v. *Grayall,* 11 Price, 58. *Davies* v. *Wescomb,* 2 Sim. 425. *Hibbert* v. *Cooke,* 1 Sim. & Stu. 552. *Bright* v. *Boyd,* 1 Story R. 478 ; S. C. 2 *Ib.* 605.

A tenant for life, whether his estate be legal or equitable, who pays off a charge, is presumed to intend not to discharge the estate, and has the right to require it to be sold to repay him. *Kirkham* v. *Smith,* 1 Ves. Sen. 258. *Jones* v. *Morgan,* 1 Bro. C. C. 218. *Shrewsbury* v. *Shrewsbury,* 1 Ves. Jr. 233. *Burrell* v. *Egremont,* 7 Beav. 226. 1 Story on Eq. § 486. 1 Powell on Mort. 316, a. *Redington* v. *Redington,* 1 Ball & Beat. 131.

*J. Lowell,* for the defendant. A tenant in tail, paying off an incumbrance, is presumed to intend to exonerate the estate, because he may convert it into an absolute estate by fine or recovery. *Kirkham* v. *Smith,* 1 Ves. Sen. 258. *Jones* v. *Morgan,* 1 Bro. C. C. 218. But where he cannot alien, the presumption against him ceases. *Shrewsbury* v. *Shrewsbury,* 1 Ves. Jr. 233. *Drinkwater* v. *Combe,* 2 Sim. & Stu. 345. In this case the plaintiffs have a power of disposal by will, and therefore the presumption in their favor ought to cease.

CHAPMAN, J. The application of the rents which belonged to the plaintiffs to the payment of debts and legacies, by their consent, was as much a payment by them as if they had advanced other money for the purpose. Their claim to reimbursement

may be maintained, either as a right to an equitable contribu-
tion, or as a right of subrogation. A reimbursement of the
money which has thus been advanced by the plaintiffs to pay
these claims, amounts to a contribution by all parties interested
in the property in proportion to their respective interests; and it
regards the plaintiffs as having the same equitable lien upon the
estate that the creditors and legatees had. Neither the right of
contribution nor of subrogation rests upon contract; but both
rest upon natural justice and equity. *Dering* v. *Winchelsea*,
1 Leading Cases in Eq. 78, & notes, where the authorities are
collected.

The doctrine is well expressed in 3 Co. 11 *b*, there cited. " One
shall not bear the burden in ease of the rest; and the law in
this point is grounded in great equity." The application of these
equitable rights ought therefore to be extended to all cases
where the court has power to do justice to the parties inter-
ested; and the claim of the plaintiffs is well maintained on this
equitable ground, and by the authority of the cases cited in the
argument.

In England, it is held that where a tenant for life pays off an
incumbrance, he shall be presumed to have done it for his own
benefit, and therefore he is entitled to reimbursement; and the
reason given for this presumption is the scantiness of his estate;
for he cannot be presumed *prima facie* to discharge it, because
he would be discharging the estate of another person. But if a
tenant in tail pays off an incumbrance, the contrary presump-
tion is held to exist, because he has power to make himself ab-
solute owner. *Jones* v. *Morgan*, 1 Bro. C. C. 206. *Shrewsbury*
v. *Shrewsbury*, 1 Ves. Jr. 232, & note. *Burrell* v. *Egremont*,
7 Beav. 226. *Redington* v. *Redington*, 1 Ball & Beat. 131.
But if he does not pay it off with a view to discharge the
estate, he has an equitable lien for reimbursement; and he may
enforce his lien at any time during his life.

In the present case the estate of the plaintiffs was an equita-
ble tenancy for life; the authority to make a will or appointment
did not enlarge their estate, but is to be regarded as a mere
power. So that by the English authorities the presumption

would be in the plaintiffs' favor. But, in a class of cases bearing some analogy to the present, decisions have been made by this court which involve the doctrine that no presumptions are to be made against the remainder-man, that when he pays off an incumbrance he intends to discharge the estate of the tenant for life from contribution. They are cases where a widow has claimed dower in an equity of redemption. If the owner of the equity has paid off the mortgage and had it discharged, he still has a lien upon the land for an equitable contribution from the widow, and she is not allowed to enforce her claim for dower without payment of her proportion of the incumbrance. In this country, this is doubtless the more just and equitable view of the subject. There ought to be no presumption against an equitable right. There should be, in this case, a decree for the plaintiffs, to be prepared under the direction of the court substantially in conformity with the prayer of the bill.*

---

\* The following decree was subsequently entered.

This cause came on to be heard upon report, and was argued by counsel, and, having been duly considered, it is ordered and decreed that the plaintiffs, as equitable tenants for life under the will of the testator Francis Amory, are entitled to the entire income of the residue of the estates held by the defendant as trustee, subject to the deduction of all sums of money legally paid or due as and for interest of debts and legacies, cost of repairs, taxes and other expenses, and to a charge upon the said estates for so much of the said income as had been applied to the payment of the principal of the said debts and legacies, and to have so much of the said trust estates as may be necessary sold and applied to their reimbursement; and, it appearing that the said defendant in his capacity as trustee has heretofore been authorized by this court to sell, and has sold, a part of the said trust estates, and now holds the proceeds thereof, it is ordered and decreed that he shall apply so much thereof as may be necessary to their reimbursement, and the payment of all and singular any debts and legacies now remaining unpaid, and that, if such proceeds should not be sufficient to make such payment in full, the defendant in his capacity as trustee shall sell at public or private sale such of the lands and tenements held by him as he may deem expedient, and apply the proceeds thereof, or so much as may be necessary, to such payment; and it is further ordered and decreed that, before proceeding to make any such sale or sales, the said defendant, trustee as aforesaid, shall give bond in such sum and with such sureties as shall be approved by one of the justices of this court, that he will faithfully conduct the same and account for the proceeds; and it is

further ordered and decreed that the costs of this suit and fees of counsel as between solicitor and client on both sides, are a charge upon the proceeds of sales now in the hands of the defendant, or hereafter to be received, and be paid from out thereof, and either party is at liberty to apply for further directions, and for the appointment of a master to take the said account, if the parties do not agree thereon.