BISHOP TRUST COMPANY, LIMITED, TRUSTEE UNDER THE WILL AND OF THE ESTATE OF ALFRED HOCKING, DECEASED, *v.* MARY GENEVIEVE JACOBS, HARRY EDWARD HOFFMAN, INDIVIDUALLY AND AS COEXECUTOR OF THE LAST WILL AND ESTATE OF HARRIET SYBIL HOCKING, HAZEL MAUD MUNTER, FLORENCE EMILY HILL, BARBARA MUNTER, CYNTHIA MARY JACOBS, JANICE ANNE JACOBS, NANCY HUNTINGTON JACOBS, LAWSON TRAPHAGEN HILL, JR., AND CYNTHIA PERRY HILL.

No. 2537.

ARGUED MARCH 8, 1944.        DECIDED MARCH 24, 1944.

KEMP, C. J., PETERS AND LE BARON, JJ.

This is an appeal from an order of a circuit judge of the first judicial circuit at chambers in equity allowing an attorney's fee and expenses of appeal out of the income of the trust created by the will of Alfred Hocking, deceased.

After the appeal in the main case was decided by this court (36 Haw. 314), G. D. Crozier, attorney for Harry E. Hoffman, Florence E. Hill, Hazel M. Munter and Barbara Munter, respondents, filed in the main case below a motion for the allowance of a fee for services rendered in this court upon that appeal, and Harry E. Hoffman filed a motion for reimbursement for costs and expenses of said appeal incurred by him. Each of the movants directed his motion at the accumulated income of the trust.

Mary Genevieve Jacobs filed objections to both of said motions, her objections being in general that (a) the fee and expenses should in no event be paid out of the trust income but if at all out of the primary fund, the general residue of the estate, and (b) that the services for which compensation was asked were rendered in an attack on the trust in an attempt to enrich the general residue of the testator's estate at the expense of the trust and not in aid of the trust or for the beneficiaries thereof.

A hearing was had upon said motions and the objections thereto, and an order was entered directing the trustee to pay to Mr. Crozier the sum of $1000 for an attorney's fee and Mr. Hoffman the sum of $145.30 for costs and expenses of appeal and directed the payment thereof out of the accumulated trust income in its custody. From that order this appeal has been taken by Mrs. Jacobs.

The opinion of this court on the appeal of the main case, to which the present proceeding is incidental, is referred to for a detailed statement of the issues presented and litigated in the main case. In brief, it was a bill for instructions brought by the trustee under the will of Alfred Hocking, deceased, to determine who, after the

death of the widow of the trustor, was entitled to that portion of the net income theretofore payable to Mary Genevieve Jacobs, a daughter of the trustor. The clients of Attorney Crozier, as well as Mrs. Jacobs, were necessary parties to the bill for instructions and Attorney Crozier's clients unsuccessfully prosecuted the appeal from the decision in that case, which held that the gift of income to Mrs. Jacobs was for the duration of the trust if she lived that long, or for life if she died before the termination of the trust.

Appellant's specifications of error are: (1) The court below erred in directing the payment of the sum allowed to G. D. Crozier for his services in the supreme court out of the accumulated trust income in the custody of the trustee; (2) the court below erred in directing the payment of the sum allowed to Harry Edward Hoffman for costs and expenses on the appeal to the supreme court out of the accumulated trust income in the custody of the trustee.

Counsel for the appellant assert at the outset of their argument that the vital defect in the motions for the allowance of attorney's fees and expenses of appeal is that they are aimed at the wrong fund. The argument is, in brief, that the fee and expenses if payable out of any of the assets of the deceased trustor's estate should be paid out of the residuary estate. In support of that argument they cite *Estate of Mary E. Foster*, 34 Haw. 376, and assert that the present motions are squarely within the operation of the general rule therein announced, to the effect that if the testator has himself created the difficulty by the form of his expressions, it is equitable that his general or residuary estate should bear the expense of removing the doubt raised by his own language. The general rule invoked by the appellant is of course inapplicable where the testator has by provisions in his will provided

otherwise. (*Estate of James Campbell*, 36 Haw. 631.) Neither of the parties to the instant controversy has referred in his briefs to the provisions of Mr. Hocking's will touching upon the issue under consideration, but at the oral argument the court directed their attention to certain provisions of Mr. Hocking's will for discussion by them. The provisions of the will to which attention was directed may be summarized as follows: The testator first devised to Bishop Trust Company, Limited, its successors in trust and assigns, certain of his real estate, "to hold, manage and maintain the same subject to the trusts, for the uses and purposes and with the powers hereinafter stated." He then provided for the payment of two annuities of $900 each out of the net income of the trust and subject to the payment of said annuities "to pay to my wife, HARRIET SYBIL HOCKING, one-half (½) of the balance of said net income during her lifetime, and to pay the remaining one-half (½) of the balance of said net income during the lifetime of my said wife to my daughter, MARY GENEVIEVE JACOBS (the wife of C. Huntington Jacobs, of 979 Ashbury Street, San Francisco, California); PROVIDED, HOWEVER, that if my said daughter shall predecease me leaving a child or children who shall survive me, then and in any such case such child or children (being my grandchild or grandchildren) shall take the share of said net income which their mother would have received if she had survived me, in equal shares if more than one, until the distribution date hereinafter specified. * * * PROVIDED, HOWEVER, that in case my said wife shall predecease my said daughter, all of the income payable to my said wife under the foregoing provisions shall be paid to my said daughter until the distribution date hereinafter specified, and in case my said daughter shall die before said distribution date all of the income payable to her under the foregoing provi-

sions shall be paid to her child or children, in equal shares if more than one, until said distribution date."

In defining the powers of the trustee he also provided what expenses should be paid out of gross income in part as follows: "Said Trustee * * * shall also have authority to pay all expenses of maintenance and management of said buildings, interest, insurance, Trustee's commissions and special expenses, if any, and shall pay and distribute the net income either quarterly or monthly as it, in its discretion, shall deem advisable."

We think the attorney's fees and expense of appeal are "special expenses" and therefore within the class of expenses which the testator authorized the trustee to pay out of the gross income of the trust, and that the order of the circuit judge in directing payment out of the income accumulated *pendente lite* had the legal effect of ordering it paid out of the gross income. The order should therefore be affirmed unless the second ground of appellant's objection to the motions was well-taken.

In support of the second ground of appellant's objection, her counsel argues that the contention of Mr. Crozier and his clients in the main case, to the effect that the original gift of income to Mrs. Jacobs was not ambiguous, that it was limited to the life of Mrs. Hocking and was not disposed of after her death, constituted an attack upon the trust for the benefit of the residuary estate which the testator devised to his wife and she in turn devised to Mr. Crozier's clients. Had the argument advanced by Mr. Crozier for his clients prevailed, the trust would not have been destroyed in whole or in part. The trustee would have continued in the management of the properties of the trust until it terminated upon the happening of the events which the testator prescribed for bringing about its termination. No one in the main case contended that the trust would be destroyed in whole or in part if Mr.

Crozier's argument prevailed. The whole argument was directed to the question of to whom, after the death of Mrs. Hocking, the trustee should distribute that portion of the net income theretofore distributed to Mrs. Jacobs. One branch of the argument involved its disposition in the event the conclusion was reached that said income was not disposed of by the will. In the event of a decision that said income was not disposed of by the will, both parties argued for a resulting trust and differed only as to who would be the beneficiary thereof. We need not further detail the argument. It is sufficient to say that the contest was essentially one between Mrs. Jacobs on the one hand and Mr. Crozier's clients on the other as to the duty of the trustee after the death of Mrs. Hocking in distributing the income theretofore distributed to Mrs. Jacobs. We see no difference between such a controversy and one where one set of persons contests the claim of another set claiming to be members of the class designated to take income. This court has repeatedly held that such a proceeding is for the benefit of the estate, in that it aids the court in resolving the doubt which justifies the trustee in seeking the advice of the court and that in such cases all parties necessary to the entry of a protective decree are entitled to their necessary and reasonable costs and expenses, including a reasonable attorney's fee. (*Wodehouse* v. *Robinson*, 27 Haw. 602; *Valentin* v. *Brunette*, 26 Haw. 498; *Evans* v. *Garvie*, 23 Haw. 694.) One question which almost invariably arises in such a case is as to the fund to be charged with the expense. In this case the testator has, by the terms of his will, directed that the gross income of the trust is to be charged.

The order appealed from is affirmed.

*G. D. Crozier* (also on the brief) for Harry E. Hoffman, Florence E. Hill, Hazel M. Munter and Barbara Munter, appellees, and for himself in person.

■■■■■■■

*A. G. M. Robertson* (*Robertson & Castle* on the briefs) for Mary Genevieve Jacobs, appellant.

*C. Gregory*, of the firm of *Smith, Wild, Beebe & Cades*, was present in court and later filed a memorandum of authorities in behalf of Bishop Trust Co., Ltd., but did not argue.