HANA RANCH, INC., Plaintiff-Appellant, *v.* HELEN AII-POALANI KANAKAOLE; WALTER WAIKIKI; ESTELLE WAIKIKI FATU; WARREN WAIKIKI; FRED I. MAYSELS; JOHN S. McCREARY; ELIZABETH K. McCREARY; PAUL BREESE; ANNIE C. SPENSER; JOSEPH SENTINELLA; DANIEL K. SENTINELLA; ADELINO SENTINELLA; WALTER SENTINELLA; MICHAEL ALBERT SENTINELLA; GEORGE JEREMIAH SENTINELLA; MARGARET MARY S. IKEOKA; JOHN SENTINELLA, JR.; ELIZABETH ANN SENTINELLA NAGATA; FLORENCE SENTINELLA; HEIRS OF KANOHOHALE; HEIRS OF JAMES H. S. KALEO, aka JAMES HANWELL SIMEON KALEO; HEIRS OF MAIKAI KALEO, aka HARRIET WAHINEMAIKAI KALEO; HEIRS OF PULELOA; HEIRS OF NELLIE NAKOOLANI; HEIRS OF KALI; HEIRS OF UILAMAKOA; HEIRS OF KAWAHINE, aka MRS. KAWAHINE LELEO, aka KALANI LELEO, aka MRS. MARY KAWAHINE CHANG; HEIRS OF ENOKA; HEIRS OF KAPAHI; HEIRS OF KAPULE; HEIRS OF KALALAINA, aka KALALAINA LEE PAT, aka CAROLINE LEE FAT, aka CAROLINE ENOS; HEIRS OF PAHUA; HEIRS OF KAANAANA; HEIRS OF PAHIA, aka PAHIAIO; HEIRS OF L. WAA; HEIRS OF PUALI; HEIRS OF KANANIU, aka KANENIU AINOA; HEIRS OF KUAHUIA; HEIRS OF KAUHOLA; HEIRS OF KAMOKU; HEIRS OF WAHINEAEA; HEIRS OF IKEOLE; HEIRS OF KAIWI; HEIRS OF POHEPOHE; HEIRS OF MELE; HEIRS OF KEKINO; HEIRS OF KAUHAI; HEIRS OF NAKI; HEIRS OF KEOKEO; HEIRS OF HOOKONI, aka HOOKONI POKINI; HEIRS OF ULAILA, aka ULAILA LINDSAY; HEIRS OF HOAPILI; HEIRS OF KAHOLOKAHIKI; HEIRS OF KEPANO, aka SEPANO; HEIRS OF LONO KEPANO, aka LONO SEPANO; HEIRS OF POUA, aka KEAUKAHA POUA, aka POUA UILAMOKOA; HEIRS OF KAAHANUI; HEIRS OF KUAHIWI; HEIRS OF EAEA; HEIRS OF MALIE, aka MALIE HOOKANO; HEIRS OF KAIHE; HEIRS OF D. M. KELIIAUKAI;

HEIRS OF KAPULE; HEIRS OF KAPULEOLE; HEIRS OF AUKI; HEIRS OF NAKAHILI; JOHN DOES ONE THROUGH ONE HUNDRED; COUNTY OF MAUI and STATE OF HAWAII, Defendants-Appellees

NO. 8878

(CIVIL NO. 2721)

DECEMBER 1, 1983

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a judgment which held that the 1/20th interest in Royal Patent 2930, Apanas 1 and 2, originally granted to Kaholokahiki, was vested in the appellee James Flores and not in the appellant, Hana Ranch, Inc.

This is the second time this case has been before the Hawaii appellate courts. The previous opinion in this matter was rendered by the Intermediate Court of Appeals in *Hana Ranch v. Kanakaole,* 1 Haw. App. 573, 623 P.2d 885 (1981).

With respect to the 1/20th share originally granted to Kaholokahiki, the first trial court judgment was in favor of the present appellant. The Intermediate Court of Appeals, finding that the original finding of fact no. 27 (that Hana Ranch had established record title to the share in question) was

erroneous, and that there was a conflict between that finding and finding no. 30 (holding that neither the present appellee nor the appellant had established record title to the property in question), remanded the case for a determination of who had title to that share. It stated:

On remand, the court below should determine what title, if any, of Flores to the Kaholokahiki share and if it determines that he has any title, then in passing upon the issue of adverse possession, it should apply the tests laid down in *Bennett, supra.*

1 Haw. App. at 580. The reference, of course, is to *City and County of Honolulu v. Bennett,* 57 Haw. 195, 552 P.2d 1380 (1976).

In that case, this Court stated:

[W]e note that sometimes a cotenant in possession will claim that, during the statutory period, he was ignorant of cotenancy and didn't even suspect that a cotenancy might exist. . . . Ignorance, however, is not necessarily good faith. Where a cotenant claims adversely, the standard of good faith includes an objective requirement of *reasonableness,* in addition to a subjective requirement that the claimant believe himself to be the sole owner. Thus, as stated *supra,* in order to meet the good faith standard, the Bennetts must prove either (1) that they or their predecessors gave *actual notice* to McAulton or his predecessors that possession was adverse to them, or (2) that one of the exceptional circumstances enumerated *supra* eliminated the requirement of actual notice: *i.e.,* that there had been *no reason* for the tenants in possession (the Bennetts or predecessors) to suspect the existence of a cotenancy; *or,* if they had suspected a cotenancy, that they made a good faith, *reasonable* effort to inform the tenants out of possession that the land was claimed adversely to them; *or* that the tenants out of possession already had actual knowledge, from other sources, that the land was being claimed adversely to them. Whether or not the Bennetts *reasonably* believed that there was no cotenancy, or, if they did suspect a cotenancy, whether or not they made *reasonable* efforts to notify their cotenants, would be questions for the trier of fact, to be decided in light of all the facts and circumstances of the

case. . . .

57 Haw. at 210-211 (emphasis in original).

In the original trial, John Hanchett, as manager for the present appellant, had testified that appellant fenced the land in question in 1950 and maintained possession thereof thereafter. He further testified that with the exception of the five per cent interest coming down from Kapule, appellant was unaware of any other cotenants. The Kapule share, in appellant's view, had come down to the Sentinella family and appellant had leased the property across the years from the Sentinellas.

He admitted that no actual notice to any other cotenants of the claim of title by adverse possession had been given prior to the commencement of the proceedings in 1977. He stated that until he had begun to research the records with respect to title, a year to 18 months before the commencement of the action, he had been unaware of the fact that there might be other cotenants and this accounted for not giving them any notice of a claim by adverse possession.

The appellant had sought to prove its record title to the land by introducing a series of deeds from various people of various fractional interests in the land in question across a 50-year period, the last one being dated 1951.

The record title claim of appellant to the Kaholokahiki share was based upon two documents: A deed from Malie to Lono Kepano dated September 6, 1883 and a deed from Lono Kepano to Benjamin dated August 14, 1905. The Intermediate Court of Appeals ( in overturning the original lower court finding no. 27 that Hana Ranch had established a record title to the Kaholokahiki share by these deeds) pointed out that contrary to finding no. 27, the deed from Malie recited only that she was the wife of Kaholokahiki, not that she was the wife *and heir* of Kaholokahiki as finding 27 stated. Wives then, as now, were not necessarily heirs or sole heirs. Since the evidence introduced had not established who Kaholokahiki's heirs were, the Intermediate Court of Appeals reversed for further hearings. After a hearing, the lower court ruled that appellant had no record interest in the share and appellee had record title.

As for the original holding that appellant had established title to the Kaholokahiki share by adverse possession, the

Intermediate Court of Appeals, in its opinion, stated:

[U]nder the principles laid down in *City and County of Honolulu v. Bennett,* 57 Haw. 195, 552 P.2d 1380 (1976), Conclusion of Law Nos. 5 and 7 establishing title in Hana Ranch, Ltd. on the basis of adverse possession would have to be reversed with respect to the Kaholokahiki share in the premises.

This is so because Hana Ranch or its predecessors took possession of the premises knowing that there were at least some co-tenants of some of the shares. Granted that it did not know of the Flores' claim, nevertheless, the deed from which it traced its interest could be found to be sufficient to have alerted it to the possibility of there being other heirs, for at least two reasons: One, the deed was for only one acre while the 1/20th interest was equivalent to nine acres, raising a question as to the ownership of the remaining eight acres, and two, the deed was from a widow and contained no recitals about her being the sole heir or there being a lack of children of the grantee. Hana Ranch admits that no actual notice of a claim adverse to them was given to any possible co-tenants and we see nothing to indicate that there was anything in the circumstances to excuse such notice.

1 Haw. App. at 580.

The court then remanded the case. At the time of the original trial, it was apparent from the deeds of the Kaholokahiki share upon which appellant relied that there might be other cotenants. Appellant also knew of the Sentinella share and was not claiming adversely to the Sentinellas. Moreover, in the original decree, the court found that the Keokeo heirs were entitled to a 1/7th interest in the Kaianui share in the property based on record title. The court did not hold that the Keokeo heirs' claim to that share was barred by adverse possession although with respect to that 1/7th of the 1/20th interest, Hanchett's testimony indicates that appellant knew no more about that interest being outstanding than it knew about appellee Flores' interest in the Kaholokahiki share.

Thus, when the case was remanded, it was clear that appellant had not yet met the *Bennett* test with respect to adverse possession. It had admitted that no actual notice had been

given to appellee Flores. The exceptional circumstances numerated in *Bennett* did not, on the face of the record, excuse such notice since it could not be said that there was no reason for appellant (from 1950 when it fenced the land in question) to suspect the existence of unknown cotenants and since there was no evidence of a reasonable effort to inform other possible cotenants of the adverse claim.

On remand, the trial court ordered filing of pretrial statements. That order provided, *inter alia,* for the parties to set forth the basic facts they intended to prove including a clear and concise statement of their theory of the case. Only appellant filed such a statement.[1] Appellant's statement, however, made no mention of any theory of adverse possession nor of any evidence to be adduced in support thereof. Appellant expressly stated: "Hana Ranch and Flores will each offer evidence to support their claims to record title ownership of the Kaholokahiki share. The Court must decide which party has record title to the Kaholokahiki share."

Then, when the case was called for hearing, appellant's counsel stated:

Your Honor, I understand that the hearing today is just to establish record title, to offer that to the court, additional evidence so that the court can make a determination as to the record title of the whole Kahiki [sic] share in the property.

The hearing was held on November 23, 1981. On December 9, appellant filed proposed supplemental findings of fact and conclusions of law. These dealt with record title only. On March 1, 1982, the court below entered its supplemental findings of fact and conclusions of law, dealing only with record

---

[1] Appellant's fourth point of claimed error is that the trial court erred in allowing James Flores to testify at the hearing on record title. At that hearing, appellant urged that since the appellees had filed no pretrial statement and accordingly had not listed Flores as a witness, he should not be allowed to testify. The court below should have required the appellees to file a pretrial statement, listing their witnesses as it had ordered. However, since the appellant does not contend in its statement of points that the findings of fact and conclusions of law entered by the court below on the subject of record title were erroneous, any error in failing to require the filing of a pretrial statement by appellees was harmless.

title and holding it to be in appellee. On March 30, appellant filed a motion for leave to amend the complaint to join the State of Hawaii as a party defendant. At a hearing on that motion on April 19, 1982, the question of the amended form of judgment, pursuant to the supplemental findings of fact and conclusions of law previously entered, came up and counsel stated:

> All this Court decided in its Supplemental Findings of Fact is who owns the 1/20th Kaholokahiki share. There's no need to open the Judgment as to all the interest because an effect of that would make all that matter that the Court concluded by the earlier judgment appealable again. The only thing which would be appealable at this time would be the Court's decision as to the 1/20th Kaholokahiki share.

The amendment to the final judgment was filed on May 3, 1982. Since the judge who had heard the case and signed the findings and conclusions had retired, it was signed pursuant to Rule 63, HRCP, by his successor.

On May 5 appellant raised, for the first time, a contention that there should have been findings of fact and conclusions of law made with respect to the claim by it of adverse possession and the *Bennett* test. This motion was subsequently denied. Appellant has made no offer of proof, either in the lower court or here, of any evidence which it might adduce which would satisfy the *Bennett* test. It even indicated at oral argument that while it contends in its brief that there should be further hearings, that further hearings are not important, what it wants are findings of fact and conclusions of law as to whether it met the *Bennett* test.

Unfortunately, the trial judge, who heard the case originally and on remand, and who entered the findings of fact and conclusions of law, retired before the entry of the amended judgment. We recently held in *In Re Judicial Determination of Death of Elwell,* 66 Haw. 598 (decided October 19, 1983), that under Rule 63, HRCP, a successor trial judge cannot enter findings of fact and conclusions of law in a case which was tried before his predecessor. To grant appellant's request now would result in a completely new trial of the adverse possession claim. We do not think that appellant should be permitted to take advantage in this manner of the situation created by the retire-

ment of the trial judge and its own failure, before his retirement, to raise its contention that findings and conclusions on adverse possession were necessary.

We therefore hold that there has been a waiver of any right to such findings and conclusions and, accordingly, affirm the judgment below.

*William F. Crockett* (*Crockett & Nakamura* of counsel) for appellant.

*Sanford Langa* for appellee.