**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000311
24-OCT-2024
07:54 AM
Dkt. 63 SO**

NO. CAAP-21-0000311

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE MATTER OF THE

ELAINE EMMA SHORT REVOCABLE LIVING TRUST
AGREEMENT, Dated July 17, 1984, as amended

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1TR151000165)

### SUMMARY DISPOSITION ORDER

(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

This is an appeal from a contested matter in a trust proceeding. Kristin Linae Cook Kline, Larry Thomas Cook, Cathy Leann Cook Bornhorst, Susan Kay Cook Galvin, and Jodi Charlene Cook Bosben (collectively, the **Cooks**) appeal from the April 6, 2021 "**Judgment** on the Order Granting Petition for Instructions Regarding Principal Distributions and Attorneys' Fees, and for Modification of Trust" entered by the Circuit Court of the First Circuit, sitting in probate.[1] We vacate the Judgment; affirm in part and vacate in part the March 5, 2021 "Order Granting Petition for Instructions Regarding Principal Distributions and Attorneys' Fees, and for Modification of Trust"; and remand for proceedings consistent with this summary disposition order.

---

[1] The Honorable R. Mark Browning presided.

This case is before us a second time. The facts and procedural history are recited in In re Elaine Emma Short Revocable Living Tr. Agreement Dated July 17, 1984, No. CAAP-15-0000960, 2019 WL 2417367 (Haw. App. June 10, 2019) (**Short I**) (mem. op.), vacated, 147 Hawaiʻi 456, 465 P.3d 903 (2020), and In re Elaine Emma Short Revocable Living Tr. Agreement Dated July 17, 1984, 147 Hawaiʻi 456, 465 P.3d 903 (2020) (**Short II**). Relevant to this appeal, trustee First Hawaiian Bank (**FHB**) filed a petition to modify **Elaine** Emma Short's **Trust**. Elaine's son **David** Short, the Trust's only surviving primary beneficiary, supported the petition. The Cooks, claiming to be contingent remainder beneficiaries, contested the petition. The probate court granted the petition.[2] The Cooks appealed. We affirmed in part and reversed in part. The Cooks applied for certiorari. The supreme court accepted the application.

The probate court had not entered findings of fact. The supreme court stated that without findings of fact, it was "not able to meaningfully review the probate court's Order" granting FHB's petition. Short II, 147 Hawaiʻi at 467, 465 P.3d at 914. The supreme court noted the probate court didn't issue an order retaining the case (required by Hawaiʻi Probate Rules (**HPR**) Rule 20), depriving the parties of "an opportunity under HPR Rule 20(d) to request that the probate court adopt [Hawaiʻi Rules of Civil Procedure (**HRCP**)] Rule 52 and render findings of fact[.]" Id. at 469, 465 P.3d at 916. The supreme court also noted the judge who presided over FHB's petition was not available on remand, and a successor judge could not enter findings of fact in a case tried before a predecessor judge. Id. at 471 n.30, 465 P.3d at 918 n.30 (citing Hana Ranch, Inc. v. Kanakaole, 66 Haw. 643, 649-50, 672 P.2d 550, 554 (1983)). The supreme court remanded the contested matter to the probate court "for further proceedings consistent with [its] opinion." Id.

---

2       The Honorable Derrick H.M. Chan presided.

FHB filed a renewed **Petition** with the probate court on September 29, 2020.  The court set a hearing on the Petition for December 17, 2020.  The Cooks objected to the Petition on October 29, 2020.  This created a contested matter.  See HPR Rule 19.  The probate court heard the Petition on December 17, 2020, without entering an HPR Rule 20 order retaining the case.  A minute order retaining the contested matter, granting the Petition, and denying the Cooks' request for payment of their attorneys' fees from the Trust was entered on January 4, 2021.  Findings of fact and conclusions of law were entered on March 5, 2021.  The "Order Granting Petition for Instructions Regarding Principal Distributions and Attorneys' Fees, and for Modification of Trust" was also entered on March 5, 2021.  The Judgment was entered on April 6, 2021.  This appeal followed.

The statement of the points of error in the Cooks' opening brief fails to comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4).  The Cooks contend the probate court erred by modifying the Trust, making findings of disputed fact without conducting an evidentiary hearing, and denying payment of their attorneys fees from Trust principal.  Their points fail to include "a quotation of the finding or conclusion urged as error or reference to appended findings" as required by HRAP Rule 28(b)(4)(C).  Ordinarily, "unchallenged factual findings are deemed to be binding on appeal[.]"  Okada Trucking Co. v. Bd. of Water Supply, 97 Hawaiʻi 450, 459, 40 P.3d 73, 82 (2002).  For the reasons explained below, however, we need not address the probate court's findings of fact to decide this appeal.

**(1)**  The Cooks argue the probate court found certain declarants to be "credible and persuasive" and others "not credible or persuasive" without holding "an evidentiary hearing to fairly resolve these disputed issues of material fact[.]"  Ordinarily, "an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of evidence; this is the province of the trier of fact."  Fisher v.

<u>Fisher</u>, 111 Hawaiʻi 41, 46, 137 P.3d 355, 360 (2006) (citation omitted).  We need not address the credibility determinations because the probate court didn't follow the mandate of <u>Short II</u>.

The probate court retained the contested matter but did not enter a written HPR Rule 20(a) order until after the December 17, 2020 hearing, when it granted FHB's Petition.  In the last appeal the supreme court stated:

> the probate court in this case did not comply with the probate rules when it failed to issue an order retaining the case and, because there was no order of assignment, failed to specifically afford the parties the ability to request that the Hawaiʻi Rules of Civil Procedure and/or the Rules of the Circuit Courts be applicable in the contested matter.

<u>Short II</u>, 147 Hawaiʻi at 471 n.28, 465 P.3d at 918 n.28; <u>see also</u>, <u>In re Est. of Campbell</u>, 106 Hawaiʻi 453, 460 n.16, 106 P.3d 1096, 1103 n.16 (2005) (discussing that once an HPR Rule 20(a) order is entered, "the court *then* has the opportunity to decide what procedures will be used if the contested matter is retained" (emphasis added)).  Those rules include not only HRCP Rule 52 (findings by the court) mentioned by the supreme court, <u>Short II</u>, 147 Hawaiʻi at 468, 465 P.3d at 915, but also Rules 39(b) (trial by the court) and 56 (summary judgment).  This structural error was a departure from the supreme court's mandate, and requires another remand of the contested matter.

**(2)** When this case was first before us, David cross-appealed from the probate court's order allowing the Cooks' attorneys' fees and costs to be paid from Trust principal.  We held the probate court abused its discretion by granting the Cooks' request for attorneys' fees and costs to be paid from Trust principal.  <u>Short I</u>, 2019 WL 2417367, at *11.  On certiorari, the Cooks argued that we gravely erred.  <u>Short II</u>, 147 Hawaiʻi at 464, 465 P.3d at 911.  The supreme court did not address the fee issue, but it vacated our judgment on appeal except for one issue unrelated to the appeal now before us.  The supreme court also vacated the probate court's judgment and order, including the grant of the Cooks' request for attorneys'

fees and costs to be paid from Trust principal. Id. at 475, 465 P.3d at 922. We conclude there is no law of the case on this issue, which arises independent of the probate court's failure to enter an HPR Rule 20(a) order.

We review the probate court's denial of the Cooks' fee request for abuse of discretion. In re Tr. Agreement Dated June 6, 1974, 145 Hawaiʻi 300, 309, 452 P.3d 297, 306 (2019). Conclusions of law are reviewed de novo. Fisher, 111 Hawaiʻi at 46, 137 P.3d at 360. The probate court concluded:

> 22. The Hawaiʻi Supreme Court has held that attorneys' fees and costs for a contingent beneficiary are not properly payable from the trust estate. See Von Holt v. Williams, 23 Haw. 245 (1916) ("It is well established that fees of counsel for a litigant whose interest is contingent cannot be allowed out of the trust fund[.]"). Contingent remainder beneficiaries are members of a class living at a particular time that cannot be ascertained until the occurrence of a future event. See, e.g., Carter v. Davis, 18 Haw. 439, 444-45 (1907).
>
> 23. In Von Holt, the testator's granddaughter was the residuary beneficiary of the estate and a contingent beneficiary of the income of the estate. Even though she was a residuary beneficiary of the Trust, the Hawaiʻi Supreme Court denied the payment of her attorneys' fees from the principal of the trust. 23 Haw. 245. Here, the [Cooks] have a lesser interest than that discussed in Van Holt; they have merely a contingent interest in the Trust. See Short, 147 Hawaiʻi at 472, 465 P.3d at 919. Under the terms of this Trust, the remainder beneficiaries are unascertained until the termination of the Trust, or David's death. The [Cooks] will have an interest in the Trust only if all of the following conditions are met: (1) David does not have any issue, either adopted or legitimate, at his death, (2) the purported contingent remainder beneficiary is alive at David's death, and (3) the individual is determined by the laws of the State of Hawaiʻi in force at David's death, to be one of [Elaine]'s heirs at law. Following Van Holt, the payment of attorneys' fees and costs for the [Cooks] relating to the 2015 Petition, the appeal of the 2015 Petition, and this Petition, are not properly payable from the Trust.
>
> 24. In addition, a beneficiary may be awarded attorneys' fees and costs from a trust or estate only where the beneficiaries' participation in the case advances the interest of all beneficiaries. See In re Campbell's Estate, 46 Haw. 475, 522, 382 P.2d 920, 953 (1963); Bishop Trust Co. v. Cooke Trust Co., 39 Haw. 641, 651 (1953); Von Holt v. Williamson, 23 Haw. 245, 248 (1916). In the instant case, this Court concludes that the [Cooks'] position was self-serving and clearly did not benefit the interests of all beneficiaries. Accordingly, the [Cooks'] request for attorneys' fees and costs is denied.

5

"It is well established that fees of counsel for a litigant whose interest is contingent cannot be allowed out of the trust fund[.]" Von Holt v. Williamson, 23 Haw. 245, 248-49 (Haw. Terr. 1916). The Cooks are at most contingent remainder beneficiaries of Elaine's Trust. Article V.B.(b) of Elaine's trust agreement, as amended on March 10, 1993, provides in relevant part:

> if neither of [Elaine]'s said sons is living [when Elaine dies], all of the aforesaid trust property shall be distributed to [Elaine]'s heirs at law, determined by the laws of the State of Hawaii in force at such time.

Article V of the trust agreement provides:

> C. Upon [Elaine]'s death, if neither [Elaine]'s spouse CLARENCE RAYMOND SHORT nor any of [Elaine]'s descendants survive [Elaine], then at such time [FHB] shall dispose of all of the then remaining residuary trust estate under Article VIII hereinbelow.

Article VIII provides:

> If, at any time, the foregoing provisions do not provide persons qualified to take the trust estate, then the trust estate shall be distributed to those persons who would constitute the heirs-at-law of [Elaine] as then determined under, and in the proportions then provided by, the laws of the state of [Elaine]'s domicile at the date of [Elaine]'s death relating to descent and distribution of property, the same in all respects as though [Elaine]'s death had occurred at the time that such assets became subject to distribution under this Article.

The Cooks are not named as beneficiaries in the Trust or the amendment. As contingent beneficiaries at most, their attorneys fees "cannot be allowed out of the trust fund[.]" Von Holt, 23 Haw. at 248-49.

The Cooks cite Bishop Trust Co. v. Jacobs, 36 Haw. 686 (Haw. Terr. 1944) (Jacobs II). Jacobs II was an appeal from an award of attorneys fees to parties involved in a dispute over distribution of trust income reported in Bishop Trust Co. v. Jacobs, 36 Haw. 314 (Haw. Terr. 1942) (Jacobs I). The litigants in Jacobs I were the income beneficiary (the settlor's daughter)

6

and three of the named remainder beneficiaries (the settlor's daughter being the fourth remainder beneficiary with a 5/8 share). The remainder beneficiaries lost <u>Jacobs I</u>, but were awarded their attorney's fees. The fee award was affirmed in <u>Jacobs II</u>. The remainder beneficiaries there were vested, not contingent, so <u>Von Holt</u> did not apply.

The Cooks also cite <u>Valentin v. Brunette</u>, 26 Haw. 498 (Haw. Terr. 1922). The facts underlying that case were reported in <u>Valentin v. Brunette</u>, 26 Haw. 417 (Haw. Terr. 1922). There, the income and remainder beneficiaries of a trust disputed whether certain expenses were to be paid from trust income or principal. All parties' attorneys were awarded their fees. The remainder beneficiaries in that case (the descendants of John Ena's children) were vested, not contingent. Again, <u>Von Holt</u> did not apply.

An exception to the general rule that a party must bear their own attorneys fees is when the party advances "the interests of *all* the beneficiaries of a trust[.]" <u>In re Estate of Campbell</u>, 46 Haw. 475, 522, 382 P.2d 920, 953 (1963) (emphasis added). For example, if a "beneficiary successfully maintains an action to recover or preserve the trust property for the benefit of all the beneficiaries[,] . . . costs and expenses may be allowed such beneficiary out of the principal of the trust fund[.]" <u>Von Holt</u>, 23 Haw. at 248. Here, the Cooks tried to advance their own interests, which were opposed to those of David, the primary trust beneficiary. "[T]he litigation must be in advancement of, *and not in opposition to*, the interest of *all the beneficiaries* or no allowance of counsels' fees out of the trust fund will be made." <u>Id.</u> (emphasis added).

The probate court applied the correct Hawaiʻi law. It did not abuse its discretion by following the law and denying attorneys fees to the Cooks.

For these reasons, the April 6, 2021 "Judgment on the Order Granting Petition for Instructions Regarding Principal Distributions and Attorneys' Fees, and for Modification of Trust"

is vacated; the March 5, 2021 "Order Granting Petition for Instructions Regarding Principal Distributions and Attorneys' Fees, and for Modification of Trust" is affirmed only as to the denial of the Cooks' request for attorneys fees, and is otherwise vacated; and this case is remanded to the probate court for proceedings consistent with this summary disposition order.  On remand, the probate court may assign the contested matter to the circuit court civil trials calendar under HPR Rule 20(b) if the probate court considers it appropriate.

DATED: Honolulu, Hawaiʻi, October 24, 2024.

On the briefs:

Thomas E. Bush,
for Respondents-Appellants
Kristin Linae Cook Kline,
Larry Thomas Cook, Cathy
Leann Cook Bornhorst,
Susan Kay Cook Galvin and
Jodi Charlene Cook Bosben.

Calvert G. Chipchase,
Summer G. Shelverton,
Caitlin M. Moon,
for Respondent-Appellee
David Short.

Rosemarie S.J. Sam,
Deirdre Marie-Iha,
for Petitioner-Appellee
First Hawaiian Bank.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge