**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000392
05-MAR-2026
07:55 AM
Dkt. 50 SO**

NO. CAAP-23-0000392

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE MATTER OF THE RAYMOND K. TANAKA TRUST
DATED OCTOBER 5, 1991

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1TR161000148)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Wadsworth and Guidry, JJ.)

This appeal stems from a trust-related dispute concerning the ownership of certain residential property in Kaneʻohe (the **Property**) between Petitioner-Appellant Lance K. Tanaka (**Lance**) and Respondents-Appellees Daryl K. Tanaka (**Daryl**), Heather Kishida (**Heather**), Kevin K. Tanaka (**Kevin**), and Damian Tanaka (**Damian**) (together, **Respondents**). Lance appeals from the "Final Judgment Pursuant to Respondents['] . . . Findings of Fact and Conclusions of Law and Order Filed July 18, 2022" (**Judgment**) entered on May 15, 2023, by the Circuit Court of the First Circuit (**Probate Court**).[1] Lance also challenges "Respondents' . . . Findings of Fact and Conclusions of Law and Order" (**FOFs/COLs/Order**), entered by the Probate Court on July 18, 2022, as amended by the "Stipulated Amendment to [FOFs/COLs/Order] Filed July 18, 2022 [Dkt. 34]" (**Stipulated Amendment**), entered by the Probate Court on June 14, 2023.

---

[1] The Honorable R. Mark Browning presided.

This case is before us a second time. We summarized the factual and procedural background in In re Raymond K. Tanaka Tr. Dated October 5, 1991 (Tanaka Trust I), No. CAAP-17-0000355, 2021 WL 1200698, at *2 (Haw. App. Mar. 30, 2021) (SDO). Relevant to this appeal, on July 22, 2016, fifteen years after Lance signed agreements that terminated his beneficial interests in the trust created by his father, The Raymond K. Tanaka Trust, Dated October 5, 1991 (**Raymond's Trust**), Lance filed a Petition for Instructions (**Petition**) requesting, among other things, that the court "provide instructions as to restoring [Lance's] beneficial rights in Raymond's Trust, or alternatively, provide instructions as to compensating [Lance] for the loss of such rights." Id. (brackets omitted). Lance's mother, Esther H. Tanaka, filed a response, as did his brother Daryl and Daryl's three adult children, Heather, Kevin, and Damian, in which they raised laches, waiver, and other equitable defenses. Id. The Probate Court denied the Petition based on the laches and waiver defenses. Id. On appeal, we vacated the Probate Court's relevant order and judgment because there were no findings as required by the supreme court in In re Elaine Emma Short Revocable Living Tr. Agreement Dated July 17, 1984 (Short Trust II), 147 Hawaiʻi 456, 465 P.3d 903 (2020), such that we could not meaningfully review the Probate Court's conclusions. Id. at *3-*4. We remanded the case for further proceedings consistent with our order, noting, as did the supreme court in Short Trust II, that the probate judge who presided over the Petition was no longer available to enter findings of fact. Id. at *4 n.6.

On remand, the Probate Court held a status conference on October 11, 2021. The minutes of the status conference state: "Parties met to discuss how to proceed going forward. The parties shall have until 11/29/2021 to submit their proposed findings of fact and conclusions of law." Both sides complied. On July 18, 2022, the Probate Court entered the FOFs/COLs/Order, denying the Petition based on the court's finding that "[Lance] waived any and all rights and claims to his beneficial rights in [Raymond's Trust], and laches applies[.]" On May 15, 2023, the Probate Court entered the Judgment.

On June 14, 2023, the Probate Court signed and entered the parties' Stipulated Amendment.  The Stipulated Amendment stated, in relevant part:  "The Parties stipulate, and the Court finds, this matter to be a contested matter under Hawai['])i Probate Rules [(**HPR**)] 19 & 20.  The Court did not transfer this matter to the civil trials calendar.  Pursuant to [HPR] Rule 20, this Court retained this matter on the regular probate calendar."

In this appeal, Lance contends that the Probate Court erred in:  (1) "entering findings of fact on a hearing it did not conduct"; (2) "concluding that laches applies to bar any claim by Lance to his beneficial interests in [Raymond's] Trust;" and (3) concluding that Lance had waived his beneficial interest in [Raymond's] Trust."

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Lance's contentions as follows.

Lance initially contends that the Probate Court erred in entering findings of fact on a petition that it did not hear. He notes that under HPR Rules 20(a) and (d), if the probate court retains a contested matter, the court "enters an order and notes which of the [Hawai'i] Rules of Civil Procedure [(**HRCP**)] or Circuit Court Rules shall apply to the contested matter" - a procedure that was not followed here.  In arguing that the Probate Court should have held a new hearing, Lance relies on the following language in Short Trust II:

> Because the probate court judge who initially presided over this case is unavailable to enter findings of fact, we vacate that portion of the ICA's judgment affirming the probate court's Order modifying Elaine's Trust to distribute principal to David and remand the case to the probate court for further proceedings consistent with this opinion. Cf. Hana Ranch, Inc. v. Kanakaole, 66 Haw. 643, 649-650, 672 P.2d 550, 554 (1983) (noting that under HRCP Rule 63, "a successor trial judge cannot enter findings of fact and conclusions of law in a case which was tried before his predecessor.")

147 Hawai'i at 471 n.30, 465 P.3d at 918 n.30.  Lance contends that a new hearing by the successor judge, Judge Browning, was required in this case because it involves the same situation as Short Trust II, we acknowledged as much in Tanaka Trust I, and in

3

the bench-trial context, with limited exceptions under HRCP Rule 63, a successor judge who did not hear a case cannot enter findings.

Respondents argue that Lance waived this argument by failing to request a new hearing on remand or to object to the process by which the Probate Court proceeded on remand. Respondents further argue that even if there was no waiver, HRCP Rule 63 does not apply here because the Probate Court did not order its application under HPR Rule 20(d), and even if HRCP Rule 63 applied, it allowed Judge Browning to proceed as he did in this case.

There is no dispute here that the Petition was a contested matter. The parties stipulated to this conclusion, the Circuit Court adopted it, and the procedural history of the case supports it. HPR Rule 20(a) describes the applicable procedure in this situation, as follows:

> (a) *Assignment*. The court by written order may retain a contested matter on the regular probate calendar or may assign the contested matter to the civil trials calendar of the circuit court.

The commentary to HPR Rule 20(a) explains that "[b]y requiring a written order of assignment, . . . . <u>a clear record is created</u>, and the court <u>then has the opportunity to decide what procedures will be used if the contested matter is retained</u>." (Emphases added.) Relatedly, under HPR Rule 20(d), "the court in the order of assignment may, at the request of the parties, designate and order that any one or more of the Hawaiʻi Rules of Civil Procedure and/or the Rules of the Circuit Courts shall be applicable in such matter." <u>Short Trust II</u>, 147 Hawaiʻi at 469, 465 P.3d at 916 ("Although the probate court is not obligated to adopt any and all rules that the parties request, it must exercise its discretion to do so 'with regard to what is right and equitable under the circumstances and the law.'" (quoting <u>Booker v. Midpac Lumber Co.</u>, 65 Haw. 166, 172, 649 P.2d 376, 380 (1982))).

In <u>Short Trust II</u>, the Hawaiʻi Supreme Court made clear that under HPR Rule 20, "when a case is contested the probate court <u>must</u>, <u>through a written order</u>, either assign the case to

4

the circuit court or retain it." 147 Hawaiʻi at 468, 465 P.3d at 915 (emphasis added). That case was remanded to the probate court for further proceedings consistent with the supreme court's opinion. Id. at 475, 465 P.3d at 922. On appeal from the remand proceedings, this court ruled that the probate court's failure to retain the contested matter without entering a written HPR Rule 20(a) order until after the hearing on the renewed petition, constituted "structural error [that] was a departure from the supreme court's mandate, and require[d] another remand of the contested matter." In re Elaine Emma Short Revocable Living Tr. Agreement Dated July 17, 1984 (Short Trust III), No. CAAP-21-0000311, 2024 WL 4564571, at *2 (Haw. App. Oct. 24, 2024) (SDO), vacated in part on other grounds, 156 Hawaiʻi 401, 416, 575 P.3d 491, 506 (2025). Similarly, in another recent trust-related dispute, this court concluded that the probate court erred in failing to issue a written HPR Rule 20(a) order until after addressing the merits of the contested matters. See In re Helen-Edythe Richardson Revocable Living Tr. Dated September 14, 1987, No. CAAP-23-0000028, 2025 WL 2902421, at *3 (Haw. App. Oct. 13, 2025) (SDO). We further concluded that the resulting prejudice to certain objectors could not be cured by the probate court's attempt to retroactively amend the challenged orders to include a finding that they were contested matters under HPR Rule 20 over which the court retained jurisdiction. Id. at *4.

Here, Lance challenges the process employed by the Probate Court on remand, specifically, the court's decision to enter findings of fact and conclusions of law without a new hearing. This asserted error, however, is tied to a more fundamental defect in the decision-making process that we have described as "structural error," *i.e.*, the Probate Court's failure to enter a written HPR Rule 20(a) order before deciding the Petition. Short Trust III, 2024 WL 4564571, at *2. Because an order of retention was not timely issued by the court in this case, "the parties were not properly afforded the opportunity to request the procedures that would be employed by the court, as specifically provided by HPR Rule 20(d), and no such procedures were ever established in a written order." Short Trust II, 147

Hawaiʻi at 469 n.26, 465 P.3d at 916 n.26. As a result, there is no "clear record" of the procedures employed by the Probate Court, and Lance was not "specifically afford[ed] . . . the ability to request that the Hawaiʻi Rules of Civil Procedure and/or the Rules of the Circuit Courts be applicable in the contested matter." Id. at 471 n.28, 465 P.3d at 918 n.28.

Respondents' waiver argument fails in these circumstances. Lance was not required "[to] request that specific rules apply before the probate court issue[d] a retention order." Id. at 469 n.26, 465 P.3d at 916 n.26 (emphasis omitted). And while this case does not involve a constitutional right, it is worth noting that Respondents point to no unequivocal act by Lance to waive the procedural rights afforded by HPR Rules 20(a) and (d). Cf. Joy A. McElroy, M.D., Inc. v. Maryl Group, Inc., 107 Hawaiʻi 423, 428-29, 114 P.3d 929, 934-35 (App. 2005) ("It is well-established that trial by jury being a constitutional and fundamental right, courts indulge every reasonable presumption against the waiver of such right; and in order to create a waiver by implication, unequivocal acts are necessary to be shown." (brackets omitted) (quoting Pancakes of Hawaii, Inc. v. Pomare Properties Corp., 85 Hawaiʻi 300, 305-06, 944 P.2d 97, 102-03 (App. 1997))). Indeed, Respondents' argument that HRCP Rule 63 does not apply here because the Probate Court did not order its application under HPR Rule 20(d) – i.e., because the court did not enter an HPR Rule 20(a) order in the first instance – reveals the more fundamental nature of the court's error.

For the reasons discussed above, this structural error requires another remand of this contested matter. We recognize, however, that Judge Browning is not available to conduct further proceedings on remand. Lance requests that we instruct a successor judge "to hear the [P]etition anew." We decline this invitation, as we do not know the precise nature of any hearing that may be requested on remand (e.g., a summary judgment-type versus evidentiary hearing) and what related procedures the parties may propose or otherwise agree to under HPR Rule 20(d). On remand, the Probate Court may consider such matters and

exercise its discretion to adopt such procedures "with regard to what is right and equitable under the circumstances and the law." Short Trust II, 147 Hawaiʻi at 469, 465 P.3d at 916 (quoting Booker, 65 Haw. at 172, 649 P.2d at 380).

In light of our disposition and the nature of the error, we do not address Lance's remaining points of error.

For the reasons discussed above, the Probate Court's FOFs/COLs/Order and Judgment are vacated, and the case is remanded for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, March 5, 2026.


On the briefs:

Mark M. Murakami and
Toren K. Yamamoto
(Damon Key Leong Kupchak
Hastert)
for Petitioner-Appellant.

Michael D. Rudy
(McDonald Ruldy O'Neill &
Yamauchi, LLLP)
for Respondents-Appellees.

/s/ Katherine G. Leonard
Presiding Judge


/s/ Clyde J. Wadsworth
Associate Judge


/s/ Kimberly T. Guidry
Associate Judge