*A. S. Humphreys* for plaintiff.

*F. W. Milverton* for defendants.

---

HANNAH FITCHIE, BARRY FITCHIE, HANNAH FITCHIE AND BARRY FITCHIE, EXECUTORS UNDER THE WILL OF ELIZA FITCHIE, DE- CEASED, ELIZA FRENCH, JOHN GALBRAITH, WILLIAM GALBRAITH, SAMUEL GALBRAITH, MARTHA CULLY, MARGARET JANE ROME AND HUGH GALBRAITH *v.* CECIL BROWN AND WIL- LIAM O. SMITH, EXECUTORS UNDER THE WILL OF GEORGE GALBRAITH, DECEASED, AND HAWAIIAN TRUST COMPANY, LIMITED.

MOTION FOR ALLOWANCE OF COUNSEL FEES ON APPEAL.

ARGUED APRIL 12, 1909.                    DECIDED APRIL 15, 1909.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

WILLS—*allowance of fees from estate.*

Under exceptional circumstances the unsuccessful appellants from a decree of this court to the supreme court of the United States are allowed counsel fees and expenses from the estate.

OPINION OF THE COURT BY HARTWELL, C.J.

This is a motion by the attorneys for the plaintiffs, the heirs at law of the decedent, for allowance out of the estate of a reasonable sum for professional services and expenses in pre- paring and presenting the cause before the supreme court of the United States on appeal from the decree of this court of November 3, 1906. It appears by the affidavit of one of the

attorneys that they prepared the record on the appeal and a brief for the appellants; that in order to avoid the expense of going to Washington they retained counsel there and instructed him by mail and in consultations in Honolulu; that he filed a brief in reply and presented the case at the hearing and that the attorneys paid the costs and expenses amounting to $160.10. The attorneys suggest that $2000 in addition to the expenditure ought to be allowed. Counsel for the executors took a neutral position, declining to say anything for or against the motion. Counsel for the trustee submitted that this court has no jurisdiction to grant the motion, the question of costs in this court having been disposed of in the decree appealed from and the appellate court having made no order for payment of counsel fees for the appeal.

In a contest concerning the construction of a will it is only under very exceptional circumstances that the estate of a decedent should bear the expense of an unsuccessful appeal from a decree of this court. The counsel fees of the contesting heirs incurred in this court, amounting to $2000, were ordered to be paid out of the funds of the estate. The question involved in their appeal, however, was novel and important and the amount involved was very large.

Ordinarily counsel fees are determined in the first instance by the judge before whom the cause is brought, and, in case of the administration of an estate in probate, by the judge before whom the proceedings are pending, but as the case was originally brought here by a submission upon facts agreed we exercise concurrent jurisdiction in the matter in order not to delay unnecessarily the closing of the executors' accounts, and direct that $1500 for counsel fees and $160.10 for expenses be allowed to be paid out of the funds of the estate.

*C. H. Olson* for executors.

*W. L. Stanley* for the heirs at law.

*R. B. Anderson* for Hawaiian Trust Co., Ltd.