## H. M. VON HOLT, TRUSTEE UNDER THE WILL OF GODFREY RHODES, DECEASED, *v.* ADA TREE RHODES WILLIAMSON AND ELLEN TREE WILLIAMSON, A MINOR.

### No. 903.

MOTIONS FOR ALLOWANCE OF ATTORNEYS' FEES.

ARGUED MARCH 27, 1916.                DECIDED APRIL 12, 1916.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

TRUSTS—*allowance of attorneys' fees.*

> Where in a controversy over the income of the corpus of a trust estate it is adjudged that such income is a separate trust arising by operation of law in favor of one of the claimants, costs and expenses of such claimants, including attorneys' fees, incurred in a suit to settle such controversy, are not allowable out of the principal or corpus of the trust estate.

SAME—*same.*

> An unsuccessful claimant to a certain fund of a trust estate is not entitled to costs and expenses, including attorneys' fees, out of the corpus of the trust estate.

*Per curiam:* In the decision in this case (*ante* p. 201) we held that the income arising from the trust estate created by the will of the testator Rhodes constitutes a resulting trust, by operation of law, in favor of Ada Tree Rhodes Williamson, the daughter of said testator, and that she is entitled to the whole of the said income as against her infant daughter, the residuary beneficiary. The attorneys for Mrs. Williamson now move the court to allow them a reasonable fee for their services rendered in this case, the same to be paid out of the principal of the trust estate. The attorneys for Ellen Tree Williamson, the infant, who appeared by her father as natural guardian, also move for

the allowance to them of a reasonable fee for their services in this behalf, the same to be paid out of the principal of the trust estate. It is suggested that this cause, submitted upon agreed statement of facts, may be treated as a bill in equity by the trustee for directions as to the application of the said income, and therefore that the attorneys' fees asked for should be allowed out of the corpus of the trust estate. It might well be suggested also that this is a friendly controversy between the daughter and granddaughter as to which of them the said income shall go during the life of the daughter, Mrs. Williamson, and that the trustee appears as a disinterested party, taking sides neither with the mother nor the infant, and that the controversy does not involve the principal trust. Counsel contend that the will of the testator being ambiguous and requiring construction, that the cost and expense of procuring such should rest upon the body of the estate and not upon the particular trust fund here involved. Under the decision in this case the income of necessity must be considered as a fund separate from the corpus of the trust property. Some authority has been cited to the effect that in case a testator who by will creates a trust and does so in such an uncertain and ambiguous way as to require a construction of his will, that the principal of the trust estate should bear the expenses of so doing. We are cited to a few authorities to support the contention of the movants. In *Howland* v. *Green,* 108 Mass. 277, 283, there was a bill by trustees for instructions whether certain taxes should be paid out of the corpus or residuary estate, and the controversy was settled by compromise wherein the specific legacies were to be paid in full. Nothing is said in that decision about attorneys' fees, the court holding that the taxes and costs should be borne by the principal fund. In *Lowry* v. *Farmers' Loan & Trust Co.,* 172 N. Y. 137, 145, the question was whether dividends of a corporation that were paid in new certificates of stock represented capital or

income. In that case such stock was held to be income, and the costs, without mentioning attorneys' fees, were ordered to be paid out of the principal of the fund. In *Chipman* v. *Montgomery,* 4 Hun 739, the bill was dismissed without cost to either party. In *Wood* v. *Vandenburgh,* 6 Paige 277, the costs of executors for bringing a proper suit for construction of the will and the costs of guardians *ad litem* of infant defendants were ordered paid out of funds in the hands of the executors, no special mention being made as to attorneys' fees. In *Sawyer* v. *Baldwin,* 20 Pick. 378, a bill was filed to recover a particular legacy, the suit being necessary by reason of an ambiguity in the will, and which affected the entire trust estate. The court there held that the cost should be borne by the whole estate and not by any class of legatees. In *Monks* v. *Monks,* 7 Allen 401, a bill was filed by trustees for instructions, and in closing the decision the court said: "The cost of suit, including the necessary fees of counsel, are to be taxed and paid by the executors, and charged in their account as part of the expenses of the administration of the estate." Under the facts of that case, as we view them, the costs were evidently paid out of the income and not the corpus of the estate.

In our opinion this is a controversy in regard to a trust separate from the principal trust, and the attorneys' fees which we are asked to allow are not payable out of the principal trust or corpus of the estate. In *Grimball* v. *Cruse,* 70 Ala. 534, it was held that the attorneys' fees for services rendered a claimant are not chargable to the trust estate. There is more reason for holding that this rule should apply to an unsuccessful claimant, as is the case of the infant, Ellen Tree Williamson, than where the claimant is successful. In *Floyd* v. *Davis,* 98 Cal. 591, the rule is announced that services rendered for the benefit of a certain fund, if allowed, should be charged to that fund, and that in a contest between various trusts created by a will each

particular trust should be charged with its own attorneys' fees, which should not be charged to the residuary estate. In 2 Perry on Trusts (6th ed) Sec. 903a, we find the rule contended for by the movants, as well as the rule which we think applicable here, stated as follows: "And further, if the testator or his settlor has himself created the difficulty by the form of his expressions, it is equitable that his general estate should pay for clearing up the doubts raised by his own language. But where a legacy has been severed from the general estate, and after it is so severed it takes the subject of a suit by the result of which the general estate will not be at all affected, the costs of the suit must be borne by the particular fund concerning which the suit arose."

For the reasons above given the motion of counsel for Mrs. Williamson to allow them an attorney's fee out of the corpus of the estate is denied.

As to counsel for the infant, appearing by her father as natural guardian, unsuccessfully, we hold that their fees are not payable out of the corpus of the trust estate. In *Hobbs* v. *McLean,* 117 U. S. 567, the court lays down the rule that the litigation must be in advancement of, and not in opposition to, the interest of all the beneficiaries or no allowance of counsels' fees out of the trust fund will be made. The rule is well established that where one beneficiary successfully maintains an action to recover or preserve the trust property for the benefit of all the beneficiaries under circumstances which would have entitled the trustee to reimbursement had he brought the suit, costs and expenses may be allowed such beneficiary out of the principal of the trust fund (*Seibert* v. *Minneapolis etc. R. Co.,* 58 Minn. 58; *Drake* v. *Crane,* 66 Mo. App. 495; *Florida Internal Imp. Fund* v. *Greenough,* 105, U. S. 527). It is well established that fees of counsel for a litigant whose interest is contingent cannot be allowed out of the trust

fund (*Union Ins. Co.* v. *VanRensselaer,* 4 Paige 87; *Gott* v. *Cook,* 7 Paige 521, 544; and *Matter of Application of Holden,* 126 N. Y. 587, where many authorities are reviewed).

We are cited to the case of *Fitchie* v. *Brown,* 19 Haw. 415, as establishing a rule authorizing the payment of the fees of counsel to the various claimants in this case out of the corpus of the trust estate. That decision shows that it was regarded as an exceptional case, the court saying: "In a contest concerning the construction of a will it is only under exceptional circumstances that the estate of a decedent should bear the expenses of an unsuccessful appeal from a decree of this court. * * * The question involved in their appeal, however, was novel and important and the amount involved was very large." The rules and authorities relating to the allowance of counsels' fees out of trust funds are not there discussed nor considered. We do not consider the decision in that case as an authority generally for the payment of counsels' fees for diverse claimants to a particular fund out of the principal trust fund, and, therefore, as not controlling here.

The motion of counsel for Ellen Tree Williamson, the said infant, for the allowance of attorneys' fees out of the corpus of the trust estate, is denied.

*Frear, Prosser, Anderson & Marx* for the trustee.

*Holmes & Olson* and *Lindsay & Lymer* for movants.