FATHER H. VALENTIN AND HAWAIIAN TRUST COMPANY, LIMITED, TRUSTEES UNDER THE WILL AND OF THE ESTATE OF JOHN ENA, DECEASED, *v.* MARY ENA BRUNETTE, ET AL.

No. 1370.

MOTIONS FOR ALLOWANCE OF ATTORNEYS' FEES.

HEARD JULY 1, 1922.                    DECIDED JULY 5, 1922.

EDINGS AND PERRY, JJ., AND CIRCUIT JUDGE BANKS, IN PLACE OF PETERS, C. J., DISQUALIFIED.

*Per Curiam*: Motions have been filed by the attorneys for the life-tenants and for the remaindermen respectively for allowance of counsel fees to be paid out of the corpus of the estate.

This was a bill in equity by trustees under a will for instructions as to whether and to what extent moneys expended (a) in satisfying the widow's statutory dower, as valued and admeasured by a court of equity, and (b) in meeting special assessments levied by the government for street improvements should be paid out of the principal and or out of the income of the estate. The trustees made the life-tenants and the remaindermen, to whom under the will of the decedent creator of the trust the beneficial interests in the property were devised, parties to this suit, in order, doubtless, to bind them. This court, reversing the trial judge in part and sustaining him in part, decided that both the principal and the interest of the sums paid for the extinguishment of the dower should be paid out of the income of the estate, that the expenditures for street improvements of a permanent nature should be paid out of principal, that the cost of those of a non-

permanent nature should be borne by the income and that the interest on the cost of the street improvements should be paid out of the income. The questions presented by the bill were without precedent in this jurisdiction and considerable confusion was injected into the case by reason of the earlier decree of the court of equity which authorized the trustees to mortgage the principal of the estate in order to raise funds to extinguish the claim of dower. The appearance of the life-tenants and the remaindermen was made necessary by the uncertainty of the trustees as to their duty in the premises and by their petition for instructions. The appearance of these parties, with their conflicting claims, their evidence and their arguments, was of assistance to the court in its determination of the duty of the trustees. In other words, the proceeding was for the benefit of the estate and in the interest of all parties concerned.

Under these circumstances the case falls within the rule laid down, under somewhat conflicting authorities elsewhere, in *Evans* v. *Garvie*, 23 Haw. 694. It seems to us just and equitable that counsel for the two sets of parties named should be paid their fees out of the corpus of the estate.

With the aid of the evidence adduced on the point and upon our knowledge of the proceedings had and the results attained, the attorneys for the life-tenants are allowed a fee of one thousand dollars ($1000.) and those for the remaindermen a fee of fifteen hundred dollars ($1500.), both to be paid by the trustees out of the corpus of the estate.

*A. G. Smith, W. B. Lymer* and *Marguerite K. Ashford* for the motions.

*M. F. Prosser* and *B. L. Marx* for the trustees.