I. M. Stainback, J. L. Coke and N. W. Aluli for defendant.

---

ERNEST H. WODEHOUSE ET AL., TRUSTEES UNDER THE LAST WILL AND OF THE ESTATE OF BATHSHEBA M. ALLEN, DECEASED, v. IWALANI A. ROBINSON ET AL.

No. 1434

MOTIONS FOR ALLOWANCE OF ATTORNEYS' FEES.

ARGUED OCTOBER 15, 1923.                    DECIDED NOVEMBER 8, 1923.

PETERS, C. J., PERRY AND LINDSAY, JJ.

*Per Curiam*: Applications have been made by the attorneys for the respective parties, except the attorney representing the trustees, that they be allowed reasonable counsel fees for their services rendered in the above entitled matter in this court and in the circuit court of the first circuit, in which the suit originated. As appears from the opinion of this court (*ante* p. 462) it was a bill

filed by the trustees under the will and of the estate of the late Bathsheba M. Allen for the instructions of the court as to the disposition under the terms of the will of said decedent of that share of the income formerly paid Mrs. A. (Watty) Jaeger, and which since her death has been retained by the trustees awaiting a final judicial determination of whether such income was payable solely to the surviving children of Mrs. Jaegar or whether children of deceased children should participate and share therein.

The proceeding was for the benefit of the estate and in the interest of all parties concerned. Under the circumstances the trust estate should bear the costs and expenses, including a reasonable attorney's fee, of all parties affected and brought before the court. (*Evans* v. *Garvie,* 23 Haw. 694; *Valentin* v. *Brunette,* 26 Haw. 498.) To what part of the estate, however, such expenses should be charged depends upon the circumstances of each individual case. Where the suit affects the corpus it is reasonable and proper that the corpus should bear such expenses. Likewise where the suit affects the income generally the general income should bear such expenses. If it affects both the corpus and the general income it should be prorated accordingly. Neither the corpus of the trust estate nor the general income accrued or to accrue therefrom was affected by the uncertainty of the terms of the will concerning which the trustees pray instructions. The suit affected but a particular fund. Only the parties affected by the determination of the disposition of that fund were made parties to the suit. Under the circumstances the fund should bear the expenses of the suit. (*Noe's Administrator* v. *Miller's Executors,* 31 N. J. Eq. 234, 238; *Johnson* v. *Holifield,* 2 So. (Ala.) 753, 757; *Nation* v. *Green,* 123 N. E. (Ind.) 163, 168; *Amory* v. *Lowell,* 83 Mass. (1 Allen) 504; *Kinmonth* v. *Brigham,* 87 Mass. (5 Allen) 270, 280.)

Each attorney and firm of attorneys asked for a fee of $1500 and supported their motions therefor by affidavits of the reasonable value of their services. From these affidavits as well as from our own knowledge of the issues involved and the services rendered in this court we believe that the fees requested are reasonable. All of the motions for counsel fees are therefore granted and the fee of the respective movants is fixed in the sum of $1500.

A decree conformable to the foregoing opinion will be signed upon presentation.

*A. G. M. Robertson, F. E. Thompson, W. F. Frear* and *S. C. Huber* for the motions.

*H. Holmes* contra.